**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLAT E DIVISION
DOCKET NO. A-1040-22

CARMEN SALGADO,

    Plaintiff-Respondent,

v.

JAMES MEIERS,

    Defendant-Appellant.

_____

Submitted January 24, 2024 – Decided May 15, 2024

Before Judges Accurso and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FM-09-2595-08.

Heymann & Fletcher, attorneys for appellant (Alix Claps, on the brief).

Respondent has not filed a brief.

PER CURIAM

    Defendant-father appeals from a November 4, 2022 Family Part order granting plaintiff-mother's motion in-part enforcing litigants rights and

compelling defendant to contribute to their child's college tuition and expenses. At issue is whether defendant violated the parties' Property Settlement Agreement ("PSA") by failing to contribute to college tuition and expenses and by claiming their child as a dependent in 2021. We affirm.

At the time of their divorce in 2009, the parties executed a PSA which explicitly included support for their child, the sole child of the marriage. Under the terms of their PSA, the parties recognized their responsibility to provide a college education for their child "dependent upon their ability to pay[.]"

The PSA included a separate provision for "college education/college accounts," which states in pertinent part:

> Both parties recognize that, under current New Jersey law, as divorced parents they are both responsible for providing a college or other post-secondary education for their child dependent upon their ability to pay at that time and the child's aptitude, opportunities and inclinations. The contributions of the parties shall be calculated after all applicable and/or available student loans, grants and scholarships have been applied for and the child's accounts have been fully accessed to the extent allowable. The child shall have an obligation to contribute by working summers and during the school recesses, if possible. The parties anticipate sharing these expenses based on the guidelines percentages that are in effect at the time the child enters college. The child's loans shall be his responsibility unless the parties voluntarily decide to contribute. In other words, the parties shall have no obligation to pay for the child's loans.

2

There is no dispute plaintiff and defendant participated in the child's selection of a college and equally shared the cost of tuition for the first year and that defendant failed to contribute to the costs of college tuition during their child's sophomore year.

Additionally, per Article III paragraph 8 of their PSA, the parties had agreed to alternately claim their child as a dependent every other year with defendant claiming the tax credit in even years and plaintiff in odd years. There is no dispute in the record that defendant claimed their child in 2021 when it was plaintiff's designated year.

Plaintiff moved to enforce litigant's rights and for an order compelling defendant to pay fifty percent of the child's sophomore college tuition and expenses; for an order requiring defendant to amend his 2021 income tax return to remove the child as a dependent—allowing plaintiff to claim the child on her 2021 income tax return and every odd year thereafter; counsel fees; and to enforce the $98.00 a week child support obligation.

Defendant, then-self-represented, replied in an opposition styled as an "answer to plaintiff's motion and request for relief." He maintained the PSA "grants [him] the discretion to contribute to [their child's] college education as [defendant] deem[s] [he is] able," and that for the first year he "took a loan for

$15,000 and [he] still owe[d] $12,500 on this loan."   Thus, he argued, "[his] determination that [he] cannot contribute further to college costs at this time is based on experience and is not capricious."

As to the head of household tax credit, defendant maintained that:

> Article III, paragraph 8 of the PSA is no longer binding on the Parties.  Further, paragraph 9 of the Certification Affidavit shows the years that each Party was permitted to claim [the child] as a dependent and ends at 2020. This paragraph thus demonstrates that the Parties had not yet come to an agreement over who would claim [their child] as a dependent in 2021.
>
> [Id. at 84.]

At the hearing, defendant testified that at the time of the PSA "I was not making a commitment to pay [] half of [their child's] tuition, 15 years in the future. . . . And, freshman year, I gave it a shot and I just could not continue to do it."

In an oral decision, the Family Part judge found defendant violated the terms of the PSA by failing to contribute to their child's college tuition and expenses.  The court noted the parties jointly participated in their child's college selection—having specifically considered Syracuse's accelerated engineering program and work-study.  Although it found, "no obligation in their agreement or subsequent written document confirming . . . that they would each pay 50/50

4

of the cost," the court concluded the parties "anticipated sharing these expenses based on the guidelines percentages that are in effect at the time that the child attends college," based on the explicit language of the PSA. The court granted plaintiff's motion in-part—declining to equally divide college tuition—finding that defendant violated litigant's rights by prematurely claiming their child on his 2021 tax returns, clarified that plaintiff was entitled to claim the child in odd years, and continued defendant's child support obligation, stating "there's no motion before me to modify."

In its subsequent written decision on plaintiff's fee application, the court noted that "[d]efendant did not file a cross-motion, and thus, [d]efendant does not have any requests pending before the [c]ourt at this time." The court further found that it was "unable to make findings on [d]efendant's current financial circumstances as the record properly before the [c]ourt today is silent regarding same."

Defendant appeals and presents the following arguments:

> I. THE TRIAL COURT ERRED BY MISSTATING THE PARTIES' PSA AND INACCURATELY LIMITING STUDENT LOANS TO "SUBSIDIZED" LOANS.
>
> II. THE TRIAL COURT ERRED IN IGNORING THE SPECIFIC LANGUAGE OF THE PSA THAT MAKES

A-1040-22

THE STUDENT SOLELY RESPONSIBLE FOR REPAYMENT OF HIS STUDENT LOANS.

III. THE TRIAL COURT ERRED IN NOT ASSESSING THE PARTIES' CURRENT ABILITY TO PAY AND PROPORTIONAL INCOME, BUT RATHER RELYING ON A CALCULATION FROM 2012.

IV. (NOT RAISED BELOW) THE TRIAL COURT ERRED IN FAILING TO HOLD A PLENARY HEARING REGARDING COLLEGE CONTRIBUTION.

V. THE TRIAL COURT ERRED IN NOT MODIFYING DEFENDANT'S CHILD SUPPORT OBLIGATION BASED ON THE CHILD NO LONGER RESIDING WITH PLAINTIFF.

VI. THE TRIAL COURT ERRED BY NOT ADDRESSING THE AFFIRMATIVE RELIEF SOUGHT BY DEFENDANT AND IGNORING WHAT SHOULD HAVE BEEN CONSTRUED AS A CROSS-MOTION.

We owe substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995).

6

Matrimonial and property settlement agreements are governed by basic contract principles and, as such, courts should discern and implement the parties' intentions. J.B. v. W.B., 215 N.J. 305, 326 (2013). "It is not the function of the court to rewrite or revise an agreement when the intent of the parties is clear." Quinn v. Quinn, 225 N.J. 34, 45 (2016) (citing J.B., 215 N.J. at 326). Thus, the court must "discern and implement 'the common intention of the parties[,]' and 'enforce [the mutual agreement] as written.'" Id. at 46 (first quoting Tessmar v. Grosner, 23 N.J. 193, 201 (1957); then quoting Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 43 (1960)). "Accordingly, [PSAs] should be enforced so long as they are consensual, voluntary, conscionable, and not the result of fraud or overreaching," or if they are wholly unconscionable when made. Satz v. Satz, 476 N.J. Super. 536, 551 (App. Div. 2023) (first citing Weishaus v. Weishaus, 180 N.J. 131, 143–44 (2004); then citing Guglielmo v. Guglielmo, 253 N.J. Super. 531, 541 (App. Div. 1992)).

Defendant argues that under the PSA, "[the child's] loans shall be [the child's] responsibility unless the parties voluntarily decide to contribute," and thus he argues "the parties shall have no obligation to pay for [the child's] loans." Defendant further argues that no review of child support upon the child's entry into college was conducted, as provided for under the PSA. Plaintiff filed no

A-1040-22

responsive brief in this appeal and has since abandoned her cross-appeal for counsel fees.

We are persuaded the Family court based its decision on the parties' PSA, those language was clear and required no interpretation. Although we can appreciate the financial impact on defendant in having to contribute towards the substantial costs of college tuition and related expenses, the Family court did not err in enforcing his obligation under the plain language of the PSA. As the court stated, the parties jointly participated in their child's college selection—having specifically considered Syracuse University's accelerated engineering program and work-study—and the PSA evidences an agreement to share those costs. Moreover, PSAs "should be enforced so long as they are consensual, voluntary, conscionable, and not the result of fraud or overreaching." Satz, 476 N.J. Super. at 551. Defendant makes no such challenge to the PSA.

The parties' PSA explicitly provides that "[t]he parties anticipate sharing these expenses based on the guidelines percentages that are in effect at the time the child attends college." The court according denied that aspect of plaintiff's motion seeking the parties shared tuition expenses equally as it was contrary to the terms of their agreement. We discern no error in the court's findings which were based on the express terms of the PSA.

Similarly, the court did not err by confining its ruling to the issues properly before it in the motion and by declining to construe defendant's "answer" and arguments as a cross-motion. Defendant did not file a formal motion requesting any relief, nor did he file a case information statement (CIS) as required under our court rules:

> when a motion or cross-motion is brought for the entry or modification of an order or judgment for alimony or child support based on changed circumstances, the pleading filed in support of the motion shall have appended to it a copy of the prior [CIS] or statements filed before entry of the order or judgment sought to be modified and a copy of a current [CIS].
>
> [R. 5:5-4.]

Thus, we discern no basis for the court to have gone beyond the motion that was before it to sua sponte consider any other issues. Contrary to defendant's arguments, the court had no basis to convert his answer to an application for modification of his child support obligation. As the court indicated, it was "unable to make findings on [d]efendant's current financial circumstances as the record properly before the [c]ourt today is silent regarding same." At the hearing, defendant testified his income in 2012 was only $29,000 and fell significantly short of the $80,000 imputed to him at that time. However,

he does not make any representations about his current income other than to assert it hasn't changed much.

Based on this record, defendant voluntarily paid one half of the child's tuition during the first year. Although defendant's financial circumstances may have changed, he presented the court with no reliable evidence, such as a CIS, which would have set forth his income and expenses, of that purported fact. Our Court Rules provide a mechanism for review of support obligations due to a change in circumstances, which defendant did not avail himself of. See R. 5:5-4. Instead, defendant engaged in self-help by claiming the child as a dependent on plaintiff's year.

Having reviewed this record, we are satisfied the court fairly resolved the issues before it and did not abuse its discretion. Defendant was not entitled to the relief he now seeks on appeal in the absence of a motion and the filing of a complete CIS and other pertinent financial information. Defendant cannot avail himself of the benefits of financial relief from his obligations while shielding his finances.

We conclude defendant's remaining arguments are without merit and do not warrant discussion in a written opinion. R. 2:11–3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1040-22